# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRUSTEES OF THE NECA-IBEW )
PENSION BENEFIT TRUST FUND, et )
al., )
           )
         Plaintiffs, )     **Case No. 19-CV-147-SMY**
           )
vs. )
           )
MARION FIRE SPRINKLER AND )
ALARM, INC., )
           )
         Defendant. )

## ORDER AND JUDGMENT OF DEFAULT

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment (Doc. 10). Plaintiffs filed the instant action against Defendant Marion Fire Sprinkler and Alarm, Inc. on February 5, 2019, alleging violations of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1131, *et seq.* and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, *et seq.* (Doc. 1). Defendant was served with a copy of the summons and Complaint on February 14, 2019 (Doc. 6). Thus, Defendant's responsive pleading was due to be filed on or before March 7, 2019. However, Defendant failed to answer Plaintiffs' Complaint or otherwise plead, and a Clerk's Entry of Default was made on March 15, 2019 (Doc. 9).

### Factual Background

Plaintiffs make the following allegations in the Complaint: on November 1, 2012, Defendant became a signatory to the South-Central Illinois Telecommunications Labor Agreements ("SCITLA") with Plaintiffs. SCITLA requires Defendant to file reports and pay monthly contributions on behalf of eligible employees to the Plaintiff ERISA trust funds and trust plans and to withhold working dues from paychecks of covered employees. Defendant failed to

pay contributions and working dues from October 2016 to February 2017 and from April 2018 to August 2018. Defendant also failed to file reports or pay contributions from September 2018 to the present.

Plaintiffs seek unpaid contributions, liquidated damages, interest, and attorneys' fees and costs for each of the 5 funds: NECA-IBEW Pension Benefit Trust Fund (Count I); Southern Illinois Electrical Retiree Welfare Trust Fund (Count II); Local Union No. 702 Annual Benefit Fund (Count III); Joint Apprenticeship and Training Committee Local Union 702 IBEW & Southern Illinois Chapter NECA (Count IV); and National Electrical Benefit Fund (Count V). Plaintiffs also seek unpaid dues, attorneys' fees and costs owed to Local 702 International Brotherhood of Electrical Workers, AFL-CIO (Count VI) and damages for breach of contract for all of the above Plaintiffs (Count X)[1] and third-party beneficiaries of SCITLA: Labor Management Cooperation Committee (Count VII); National Labor Management Cooperation Committee (Count VIII); and Administrative Maintenance Fund (Count IX).

### Discussion

Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989).

---

[1] The Trust Plaintiffs entered into a Payment Agreement with Defendant on April 10, 2017 for the payment of unpaid employee benefit contributions, dues, attorneys' fees and costs. Defendant agreed to pay $18,831.09 in unpaid contributions and dues for January 2016 to February 2017, $3,451.90 in attorneys' fees, and $440.00 in costs – for a total of $22,722.99 plus interest and liquidated damages. In addition, Defendant agreed that it would not contest liability or amounts due in any lawsuit for breach of contract. Defendant did not fulfill all of its payment obligations under the Payment Agreement, owing a $14,219.54 balance.

Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993).

When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations relating to the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). On default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

Here, consistent with the allegations in the Complaint, Plaintiffs seeks the following damages on default for the actual amount due and owing pursuant to SCITLA for April 2018 to March 2019 and the Payment Agreement:

a. **$17,152.78** in unpaid contributions and working dues, **$702.41** in interest and **$1,453.44** in liquidated damages to Plaintiffs for the period April 2018 through March 2019;

b. **$11,992.76** remaining under the Payment Agreement plus **$1,540.65** in interest and **$808.17** in liquidated damages to Plaintiffs which has accrued under the Payment Agreement; and,

c. Attorneys' fees of **$9,244.20** and costs totaling **$440.00**.

The Court finds that the damages on default are ascertainable without the necessity of a hearing.[2] Accordingly, Plaintiffs' Motion is **GRANTED** and Default Judgment is entered in favor

---

[2] Plaintiffs also seek "post-judgment attorneys' fees and costs incurred in connection with this case until this judgment has been fully executed." These damages are not ascertainable and may be sought in post-judgment motions, if necessary.

of Plaintiffs and against Defendant in the amount of **$43,334.41**. The Clerk of Court is **DIRECTED** to enter Judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:  January 15, 2020**

**STACI M. YANDLE**
**United States District Judge**